Patrick J. Cerillo, Esq.
Patrick J. Cerillo, LLC
4 Walter Foran Blvd., Suite 402
Flemington, NJ 08822
T: (908) 284-0997
F: (908) 284-0915
pjcerillolaw@comcast.net
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**OF NEW JERSEY**

MALIBU MEDIA, LLC.,

Plaintiff,

v.

JOHN DOES 1-7,

Defendants.

Case No. 3:12-cv-06949-FLW-LHG

# PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT JOHN DOE #4'S MOTION TO QUASH PLAINTIFF MALIBU MEDIA, LLC'S THIRD PARTY SUBPOENA AND MOTION FOR A PROTECTIVE ORDER

**TABLE OF CONTENTS**


I. INTRODUCTION ........................................................................................ 4

II. PLAINTIFF DOES NOT OBJECT TO DEFENDANT PROCEEDING ANONYMOUSLY ........................................................................................ 6

III. THE COURT SHOULD NOT QUASH THE SUBPOENA .......................... 6

1. Plaintiff Has a Proper Purpose.............................................................. 7

A. The Information Requested Is Relevant ........................................ 9

B. Defendant's IP Address Is the Only Way to Identify the Infringer .. ..........................................................................................10

C. Plaintiff's Technology is Reliable ................................................12

IV. CONCLUSION.........................................................................................14

**TABLE OF AUTHORITIES**

*Arista Records, LLC. v. Doe 3*, 604 F.3d 110 (2d Cir. 2010).................................. 6
*In re Charter Communications, Inc., Subpoena Enforcement Matter*, 393 F.3d 771, FN3 (8th Cir. 2005) .......................................................................................... 6
*Malibu Media, LLC v. John Does 1-18*, 2:12-cv-02095-LDD (E.D. Pa. Aug. 6, 2012) ........................................................................................................ 5
*Malibu Media, LLC v. John Does 1-22*, 2:12-cv-02083-CDJ (E.D. Pa. July 30, 2012) ........................................................................................................ 5
*Malibu Media, LLC v. John Does 1-9*, 8:12-cv-669-T-23AEP, *4 (M.D. Fla. July 6, 2012).......................................................................................................11
*Malibu Media, LLC v. John Does No. 1-30*, CIV.A. 12-3896-MAS, 2012 WL 6203697 (D.N.J. Dec. 12, 2012) ..................................................................4, 11
*Patrick Collins Inc. v. John Does 1-18*, 2:11-cv-07252-MSG (E.D. Pa. May 7, 2012) ........................................................................................................ 4
*Patrick Collins, Inc. v. John Does 1-9*, 12-CV-3161, 2012 WL 4321718 (C.D. Ill. 2012) ....................................................................................................9, 13
*Raw Films, Ltd. v. John Does 1-15, CIV.A. 11-7248, 2012 WL 1019067 (E.D. Pa. Mar. 26, 2012)*...............................................................................................4, 15
*Raw Films, Ltd. v. John Does 1-15*, CIV.A. 11-7248, 2012 WL 1019067, at *6 (E.D. Pa. Mar. 26, 2012).......................................................................10
*VPR Internationale v. Does 1-1017*, 2:11-cv-02068, (C. Ill. April 29, 2011) ........12

# I. INTRODUCTION

Plaintiff respectfully requests the Court deny Defendant's Motion because Defendant has not provided a valid reason to quash the subpoena. To the extent Defendant requests a protective order, Plaintiff does not object to filing the Doe Defendants name under a pseudonym as long as Plaintiff is still able to receive the Doe Defendant's identity and move forward with its case. The subpoena should not be quashed because Plaintiff has a proper purpose and the subpoenaed information is relevant. This Court recently addressed the issues raised by Defendant and refused to quash a similar subpoena. *See Malibu Media, LLC v. John Does No. 1-30*, CIV.A. 12-3896-MAS, 2012 WL 6203697 (D.N.J. Dec. 12, 2012).

Other Courts in the Third Circuit have reached similar conclusions. *See Raw Films, Ltd. v. John Does 1-15*, CIV.A. 11-7248, 2012 WL 1019067 (E.D. Pa. Mar. 26, 2012*); Patrick Collins Inc. v. John Does 1-18*, 2:11-cv-07252-MSG (E.D. Pa. May 7, 2012); *Malibu Media, LLC v. John Does 1-15*, CIV.A. 12-2077, 2012 WL 3089383 (E.D. Pa. July 30, 2012); *Malibu Media, LLC v. John Does 1-18*, 2:12-cv-02095-LDD (E.D. Pa. Aug. 6, 2012); *Malibu Media, LLC v. John Does 1-22*, 2:12-cv-02083-CDJ (E.D. Pa. July 30, 2012). "There is extensive caselaw supporting Plaintiff's actions in this case and precluding the Motion's requested

relief. Plaintiff's copyright infringement action is contemplated by modern law and shall proceed." *Id*.

Both the Eighth and Second Circuits, the only circuits to rule on this issue, have approved the use of Rule 45 subpoenas in on-line infringement cases to identify anonymous Doe Defendants. The Eight Circuit held "organizations such as the RIAA can file a John Doe suit, along with a motion for third-party discovery of the identity of the otherwise anonymous 'John Doe' defendant." *In re Charter Communications, Inc., Subpoena Enforcement Matter*, 393 F.3d 771, FN3 (8th Cir. 2005). Similarly, in *Arista Records, LLC. v. Doe 3*, 604 F.3d 110 (2d Cir. 2010) the Second Circuit upheld the District Court's denial of a motion to quash after Arista obtained leave "to serve a subpoena on defendants' common ISP, the State University of New York at Albany." By so holding, the Second Circuit approved the process of issuing a Rule 45 subpoena to an ISP to identify anonymous Doe Defendants.

At this stage of the litigation process, Plaintiff has no other option but to file suit against the owners of these IP addresses to obtain the infringers identity. If this Court were to follow Defendant's rationale, Plaintiff would have no recourse against the mass copyright infringement it suffers on a daily basis.

## II. PLAINTIFF DOES NOT OBJECT TO DEFENDANT PROCEEDING ANONYMOUSLY

Plaintiff does not object to Defendant proceeding anonymously or filing his name and information under seal as long as the protective order does not limit Plaintiff's ability to obtain Defendant's information through the subpoena and proceed with its copyright infringement suit.

## III. THE COURT SHOULD NOT QUASH THE SUBPOENA

This Court has determined that Plaintiff has established good cause to issue the Rule 45 subpoena prior to a Rule 26(f) Conference on the Internet Service Providers to determine the Defendants identities. Doc. 6. Plaintiff's subpoena is relevant and Plaintiff has a proper purpose. Defendant's motion should be denied.

Rule 45(c)(3) provides that a court must modify or quash a subpoena that fails to allow a reasonable time to comply; requires a non-party to travel more than 100 miles (except for trial within the state); requires disclosure of privileged materials; or, subjects a person to undue burden. *See* Fed. R. Civ. P. 45(c)(3)(A)(i-iv). The Rule also provides for circumstances in which a court may modify or quash a subpoena. These circumstances are when the subpoena requires disclosure of trade secrets; disclosure of certain expert opinions; or, requires a nonparty to incur substantial expense to travel more than 100 miles to attend a trial. *See* Fed. R. Civ. P. 45(c)(3)(B)(i-iii).

1. Plaintiff Has a Proper Purpose

Defendant's first argument that the Court should quash the subpoena based on an "improper purpose" is meritless because Plaintiff has not done anything to indicate that it should not be allowed to receive the identity of the individual it is suing. Defendant relies on conduct from other plaintiffs in other cases to create an improper purpose on Plaintiff. As stated above, Plaintiff does not object to Defendant proceeding anonymously. Further, Plaintiff does not intend to harass Defendant or improperly extract a settlement. It is appropriate prior to and during the litigation process for the parties to speak with each other. It is also appropriate to offer a settlement. Defendant's accusations are nothing more than an attempt to discredit Plaintiff so that he may avoid liability for copyright infringement.

Recently, the Central District of Illinois addressed this issue at length, in a near identical case. The Court noted that the plaintiff is defending its intellectual property rights, thousands of people are infringing, and the proliferation of the law suits are expected given the volume of infringement. Settling disputes earlier is generally a positive outcome.

> Doe/4 argues that Collins is abusing the judicial process by participating in a for-profit copyright infringement lawsuit cottage industry. Doe/4 argues that pornographers are filing these types of lawsuits all over the country with no intention of litigating their claims of infringement. The pornographers file the suits, subpoena the names of customers with IP addresses, and extract settlements out of the customers with threats of embarrassing them by naming them on

> the public record. Several courts apparently have been persuaded by with this argument. *See Motion,* at 2–3 and cases cited therein.
>
> **One person's cottage industry in harassing lawsuits is another person's vigilant defense of property rights**. The Work may or may not be pornographic, but Collins has alleged that it owns the copyright to the Work and, if so, is entitled to the same protections as the owners of any other copyrighted work. Doe/4 concedes that thousands and thousands of people use peer-to-peer systems like BitTorrent to infringe copyrighted material like the Work. Indeed, Doe/4's joinder argument depends on the contention that many thousands of people are anonymously and illegally copying the Work over the Internet. The proliferation of these types of lawsuits would be expected given the alleged infringement by thousands of people. The volume of lawsuits alone does not indicate any impropriety.
>
> **The fact that Collins, and others, may settle these suits quickly also does not indicate any wrongdoing. Settlement of civil disputes is generally a positive outcome, not a negative one.** Doe/4 also claims the settlement amounts are small; the small amounts, however, may again reflect the value of the claim and the cost of litigation, nothing more.
>
> Doe/4 further makes no showing that Collins is fabricating a false claim. Doe/4 does *not* allege that Collins pulled the Alleged IP Addresses out of thin air without a good faith basis to believe those addresses were used to download the Work. Doe/4 does *not* challenge any of the procedures used by Collins' investigator to identify infringing IP addresses, including the Alleged IP Addresses. Doe/4 does *not* dispute that the Alleged IP Addresses were used to download and upload portions of the same unique copy of the Work. Doe/4, thus, does *not* dispute that Collins traced the Alleged IP Addresses to this District. Doe/4 presents *no* basis for the claim that Collins is improperly attempting to extract settlements from innocent people.

*Patrick Collins, Inc. v. John Does 1-9*, 12-CV-3161, 2012 WL 4321718 (C.D. Ill. 2012) (emphasis added).

A. The Information Requested Is Relevant

The information Plaintiff seeks is relevant because Plaintiff cannot proceed with its copyright infringement suit without it. In a near identical BitTorrent case, the Eastern District of Pennsylvania concluded, "the information sought is thus highly relevant to the plaintiff's claims." *Raw Films, Ltd. v. John Does 1-15*, CIV.A. 11-7248, 2012 WL 1019067, at *6 (E.D. Pa. Mar. 26, 2012). The *Raw Films* court also noted that Fed. R. Civ. P. 26(b)(1) permits parties to obtain discovery of "the identity and location of persons who know of any discoverable matter." *Id.* at *14. When addressing the issue of whether the infringer is the account holder of the IP address, the Court stated "[t]hese are not grounds on which to quash a subpoena otherwise demonstrated to be proper. The moving Doe may raise these and any other nonfrivolous defenses in the course of litigating the case." *Id.*

Likewise, this Court examined the issue of whether Plaintiff's subpoena is relevant. "Defendants argue: (1) the actual copyright infringer is unlikely to be the person to whom the IP address is registered; and (2) the process used by Plaintiff to identify the allegedly infringing IP addresses is flawed." *Malibu Media, LLC v. John Does No. 1-30*, CIV.A. 12-3896-MAS, 2012 WL 6203697 (D.N.J. Dec. 12, 2012). "Defendants' arguments are unpersuasive. The plain language of Rule 26 requires only that the discovery requested be reasonably calculated to lead to

discovery of admissible evidence. It does not require, as Defendants suggest, that the identity of the alleged infringer be ascertained with absolute certainty." *Malibu Media, LLC v. John Does No. 1-30*, CIV.A. 12-3896-MAS, 2012 WL 6203697 (D.N.J. Dec. 12, 2012).

Here, Plaintiff is only seeking the basic identifying information of the Doe Defendants. "The information sought by Plaintiff falls squarely within this broad scope of discovery and is therefore warranted in this matter." *Malibu Media, LLC v. John Does 1-9*, 8:12-cv-669-T-23AEP, *4 (M.D. Fla. July 6, 2012). "[T]he Court finds that any concern about identifying a potentially innocent ISP customer, who happens to fall within the Plaintiff's discovery requests upon the ISPs, is minimal and not an issue that would warrant the Court to exercise its inherent power to govern these discovery matters by minimizing or prohibiting the otherwise legitimate, relevant, and probative discovery." *Id.* at *5.

B. Defendant's IP Address Is the Only Way to Identify the Infringer

An individual using Defendant's IP Address illegally downloaded Plaintiff's copyrighted work. Even assuming it was not the Defendant, under the broad discovery provided by the Federal Rules, the subscriber's information is still highly relevant because the subscriber is the most obvious person to identify who has used his or her internet service. "[E]ven assuming *arguendo* that the subscribers' name and information is not the actual user sought, we are of the

opinion that it is reasonable to believe that it will aid in finding the true identity of the infringer and, therefore, we find that it is relevant. This is especially true, as in this case, where there is no other way to identify the proper defendants and proceed with claims against them." *Malibu Media, LLC v. John Does 1-15*, CIV.A. 12-2077, 2012 WL 3089383 (E.D. Pa. July 30, 2012).

Defendant relies on an opinion from the Central District of Illinois to support its theory that Plaintiff's subpoena should be quashed. *See* Def's Mot. citing *VPR Internationale v. Does 1-1017*, 2:11-cv-02068, (C. Ill. April 29, 2011). *VPR Internationale* involved 1,017 defendants grouped into one case, and lacked proper personal jurisdiction and venue. This case does not suffer from the same procedural problems. Indeed, Judge Cudmore, from the same court, recently distinguished *VPR Internationale*, noting that it involved a Class Action with improper personal jurisdiction. *See Patrick Collins, Inc. v. John Does 1-9,* 12-CV-3161, 2012 WL 4321718 (C.D. Ill. 2012).

> Doe/4 relies heavily on *VPR Internationale* to support his or her argument. The *VPR Internationale* case, however, was significantly different from this case. The plaintiff in that case, VPR Internationale, sought to commence a class action against all persons everywhere who used the BitTorrent protocol to infringe on any of VPR Internationale' copyrighted motion pictures. VPR Internationale alleged that it identified 1,017 IP addresses that had used the BitTorrent protocol to infringe on its copyrights. VPR Internationale did not allege that any of the 1,017 IP addresses had been used to upload or download the same unique copy of any of VPR Internationale's copyrighted works. VPR Internationale did not allege that it had identified even one IP address that was used within the

> District to infringe on one of its copyrights, let alone one who would be an appropriate class representative. *See VPR Internationale,* Case No. 11–2068, *Class Action Complaint (docket entry no. 1),* ¶ 4 and Exhibit A. Under these circumstances, this Court found that the request for authority to issue subpoenas before the Rule 26(f) conference was little more than a fishing expedition and an abuse of the discovery process. *VPR Internationale,* 2011 WL 8179128, at *1–2.
>
> In this case, Collins is not engaged in a fishing expedition. Collins has identified nine Alleged IP Addresses, not 1,017. These Alleged IP Addresses were all used to download and upload the same unique copy of the Work. The Alleged IP Addresses were all traced to addresses within the District. The subpoenas only seek information on these nine Alleged IP Addresses that allegedly were used illegally within the District. Collins' limited subpoenas are proper. The rationale of the *VPR Internationale* case does not apply herein.

*Id.* at *4.

C. Plaintiff's Technology is Reliable

It is indisputable that Plaintiff's technology identified the IP Address responsible for infringing Plaintiff's work. Plaintiff's investigator testifies to this in his declaration in support of Plaintiff's Motion for Leave, as well as clearly explaining the process for identifying the IP addresses and including supporting exhibits detailing how the technology works. Doc. 4-4, Doc. 4-5. Plaintiff's investigator, IPP Limited, established a direct one to one connection with Defendant's internet and received a piece of the copyrighted movie. It is impossible to spoof the direct computer to computer connection between Defendant and Plaintiff.

Further, Plaintiff uses the same process when identifying infringers as Federal Law Enforcement uses to identify cyber crimes. In a Statement of Deputy Assistant Attorney General Jason Weinstein before the Senate Judiciary on Privacy, Technology and the Law, he discusses how Federal law enforcement use IP addresses to identify an individual.

> When a criminal uses a computer to commit crimes, law enforcement may be able, through lawful legal process, to identify the computer or subscriber account based on its IP address. This information is essential to identifying offenders, locating fugitives, thwarting cyber intrusions, protecting children from sexual exploitation and neutralizing terrorist threats.[1]

The Eastern District of Pennsylvania directly addressed whether an IP address was sufficient to identify the infringer.

> The Court acknowledges that Verizon's compliance with the subpoena may not directly reveal the identity of an infringer. Indeed, the subscriber information Verizon discloses will only reveal the account holder's information, and it may be that a third party used that subscriber's IP address to commit the infringement alleged in this case.

*Raw Films, Ltd. v. John Does 1-15*, CIV.A. 11-7248, 2012 WL 1019067 (E.D. Pa. Mar. 26, 2012). (Internal citations omitted). The Court continued that while the IP address did not guarantee the subscriber was the infringer, "[t]he subpoena is

[1] Statement of Deputy Assistant Attorney General Jason Weinstein Before the Senate Judiciary Subcommittee on Privacy, Technology and the Law available at www.justice.gov.

specific enough to give rise to a reasonable likelihood that information facilitating service upon proper defendants will be disclosed if the ISPs comply." Id.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny the subject motion.

DATED this 5th day of February, 2013

Respectfully submitted,

By: /s/*Patrick Cerillo*

## CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2013 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: /s/*Patrick Cerillo*